# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN WOODMAN,

        Plaintiff,

v.

C. SHOAF, et. al.,

        Defendants.

1:06-cv-00817-AWI-DLB PC

ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT, OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT SHOAF WITHIN THIRTY DAYS

(Doc. 16)

I.    Screening Order

    A.    Screening Requirement

Plaintiff John Woodman ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 27, 2006. On April 12, 2007, this court screened plaintiff's complaint and issued Findings and Recommendations recommending that this action be dismissed for plaintiff's failure to exhaust the available administrative remedies. (Doc. 13). Plaintiff filed his objections, and on July 10, 2007 the court vacated the Findings and Recommendations and granted plaintiff's request to file an amended complaint (Docs. 14, 15). Plaintiff filed his first amended complaint on August 16, 2007, which is the subject of the screening set for below. (Doc. 16).

As previously explained to plaintiff, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner

has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.  Plaintiff's Claims

1.  Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at California Correctional Institution - Tehachapi, where plaintiff is incarcerated. Plaintiff names Chuck Shoaf, Deirde Greene, Alex Avila, C.A. Tyner, Chief Medical Officer Harold Tate and Warden W.J. Sullivan as defendants. Plaintiff

is seeking declaratory relief and money damages.

Plaintiff alleges that on May 20, 2005, defendant Shoaf slammed a door into plaintiff's back, causing the door knob to hit plaintiff near his spine. Plaintiff alleges that he suffered from back pain as a result, and continues to suffer ongoing mental and emotional trauma. Plaintiff alleges that defendant Avila failed to report the incident and failed to cooperate with the ensuing investigation. (Doc. 16, p.14:6-8). Plaintiff alleges that defendant Greene circumvented the inmate appeals process by forwarding plaintiff's grievance concerning the incident to defendant Shoaf for second level review. (Doc. 16, p.8). Plaintiff further contends that defendant Greene falsified documents concerning the May 20, 2005 incident, and failed to submit plaintiff's injury reports and workers compensation forms as required.

Plaintiff states that due to his injuries, he was issued a Comprehensive Medical Chrono. Plaintiff alleges that when informed of the chrono, defendant Tyner became irate, and stated that he would issue a memo concerning the chrono. (Doc. 16, p.11:1-6). Plaintiff alleges that defendant Tate then rescinded plaintiff's chrono based on defendant Tyner's memo. (Doc .16, p.11). Plaintiff further alleges that defendant Tate cancelled plaintiff's pain medication/treatment for his back injury without consulting or examining plaintiff. (Doc. 16, p.13). Plaintiff's amended complaint does not contain any allegations regarding defendant Warden Sullivan.

Plaintiff alleges violation of the Eighth Amendment and Due Process Clause of the Fourteenth Amendment, and also raises state law claims.

2.  Plaintiff's Prayer for Declaratory Relief.

In addition to money damages, plaintiff seeks "[a] declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and the laws of the United States". (Doc. 16, p.3).

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v.

Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated.  A declaration that defendant violated plaintiff's rights is unnecessary.

### 3. Linkage Deficiencies and Supervisory Liability

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

Furthermore, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts whatsoever concerning defendant Warden Sullivan's involvement in the events giving rise to this action, and certainly has not alleged that he participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff's complaint fails to state a claim for relief as against defendant Sullivan.

### 4. Plaintiff's Excessive Force Claim

Plaintiff contends that the protections guaranteed under the Eighth Amendment were violated. Although plaintiff does not elaborate further, he names Correctional Officer Shoaf as a defendant. The court construes plaintiff's complaint against defendant Shoaf as a claim for excessive force, in violation of the Eighth Amendment.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff states a cognizable claim for relief under Section 1983 as against defendant Shoaf for use of excessive force in violation of the Eighth Amendment.

### 5. Plaintiff's Medical Care Claims

Plaintiff's medical care claims as against defendant Chief Medical Officer Tate fall under the purview of the Eighth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

6

1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In the present case, plaintiff alleges that defendant Tate cancelled an Accommodation Chrono issued by the Unit I medical staff based on a memo drafted by defendant Tyner, and that defendant Tate later cancelled plaintiff's pain medication/treatment without first examining plaintiff. A difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Further, plaintiff has not sufficiently alleged that defendant Tate "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Therefore, plaintiff fails to state a cognizable claim as against defendant Tate.

Plaintiff's complaint also fails to state a claim for relief as against defendant Tyner. Plaintiff has not alleged any facts concerning defendant Tyner that rise to the level of a constitutional violation.

### 6. Due Process Clause

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests

which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Defendants Avila and Greene's involvement in plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate that these defendants violated his rights under federal law. Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983.

### 7. Plaintiff's State Law Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should

be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In addition to the relief sought under Section 1983, plaintiff raises assault, battery and negligence claims in his complaint. The court reserves discretion to exercise supplemental jurisdiction over and to address plaintiff's state law claims.

C.  Conclusion

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendant Shoaf for use of excessive force, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim under section 1983 against defendants Avila, Greene, Tyner, Tate or Sullivan. The court will provide plaintiff the opportunity to file a second amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against defendant Shoaf, plaintiff may so notify the court in writing, and the court will issue a Findings and Recommendations recommending that defendants Avila, Greene, Tyner, Tate and Sullivan be dismissed from this action, and will forward plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to file a second amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v.

1 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File a second amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Shoaf; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 30, 2008**              /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE