1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN WOODMAN,                           CASE NO.: 1:06-cv-00817-AWI-DLB PC

12                  Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF CERTAIN
13        v.                                 DEFENDANTS

14   C. SHOAF, et. al.,                      (Doc. 19)

15                  Defendants.

16   _____/

17   I.      Findings and Recommendations Following Screening of First Amended Complaint

18           Plaintiff John Woodman("plaintiff") is a state prisoner proceeding pro se and in forma

19   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June

20   27, 2006.

21           On May 1, 2008, the court issued an order finding that plaintiff's allegations give rise to

22   cognizable claims for relief under section 1983 against defendant Shoaf for violating plaintiff's

23   Eighth Amendment rights.  However, the court found that plaintiff's allegations do not give rise to

24   any claims for relief under section 1983 against defendants  Avila, Greene, Tyner, Tate or Sullivan.

25   The court ordered plaintiff to either file a second amended complaint or notify the court that he

26   wishes to proceed only against defendant Shoaf.  On May 29, 2008, plaintiff notified the court that

27   he does not wish to amend and wishes to proceed only against defendant Shoaf for use of excessive

28

1

1  force in violation of the Eighth Amendment.  Based on plaintiff's notice, the instant Findings and

2  Recommendations now issues.

3      A.   Screening Requirement

4      As previously explained to plaintiff, the court is required to screen complaints brought by

5  prisoners seeking relief against a governmental entity or officer or employee of a governmental

6  entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner

7  has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

8  may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have

10  been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

11  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

13  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

14  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

15  plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

16  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

17  grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

18  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

19  the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

20  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

21  the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey,

22  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

23  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

24  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

25  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

26  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

27  complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l

28  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

2

266, 268 (9th Cir. 1982)).

///

    B.   <u>Plaintiff's Claims</u>

       1.   <u>Summary of Plaintiff's Complaint</u>

The events at issue in this action allegedly occurred at California Correctional Institution - Tehachapi, where plaintiff is incarcerated. Plaintiff names Chuck Shoaf, Deirde Greene, Alex Avila, C.A. Tyner, Chief Medical Officer Harold Tate and Warden W.J. Sullivan as defendants. Plaintiff is seeking declaratory relief and money damages.

Plaintiff alleges that on May 20, 2005, defendant Shoaf slammed a door into plaintiff's back, causing the door knob to hit plaintiff near his spine. Plaintiff alleges that he suffered from back pain as a result, and continues to suffer ongoing mental and emotional trauma. Plaintiff alleges that defendant Avila failed to report the incident and failed to cooperate with the ensuing investigation. (Doc. 16, p.14:6-8). Plaintiff alleges that defendant Greene circumvented the inmate appeals process by forwarding plaintiff's grievance concerning the incident to defendant Shoaf for second level review. (Doc. 16, p.8). Plaintiff further contends that defendant Greene falsified documents concerning the May 20, 2005 incident, and failed to submit plaintiff's injury reports and workers compensation forms as required.

Plaintiff states that due to his injuries, he was issued a Comprehensive Medical Chrono. Plaintiff alleges that when informed of the chrono, defendant Tyner became irate, and stated that he would issue a memo concerning the chrono. (Doc. 16, p.11:1-6). Plaintiff alleges that defendant Tate then rescinded plaintiff's chrono based on defendant Tyner's memo. (Doc .16, p.11). Plaintiff further alleges that defendant Tate cancelled plaintiff's pain medication/treatment for his back injury without consulting or examining plaintiff. (Doc. 16, p.13). Plaintiff's amended complaint does not contain any allegations regarding defendant Warden Sullivan.

Plaintiff alleges violation of the Eighth Amendment and Due Process Clause of the Fourteenth Amendment, and also raises state law claims.

       2.   <u>Plaintiff's Prayer for Declaratory Relief.</u>

In addition to money damages, plaintiff seeks "[a] declaration that the acts and omissions

3

described herein violated plaintiff's rights under the Constitution and the laws of the United States". (Doc. 16, p.3).

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. A declaration that defendant violated plaintiff's rights is unnecessary.

### 3.   Linkage Deficiencies and Supervisory Liability

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal

4

participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Furthermore, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either:  personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts whatsoever concerning defendant Warden Sullivan's involvement in the events giving rise to this action, and certainly has not alleged that he participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.  Plaintiff's complaint fails to state a claim for relief as against defendant Sullivan.

4.   Plaintiff's Excessive Force Claim

Plaintiff contends that the protections guaranteed under the Eighth Amendment were violated.  Although plaintiff does not elaborate further, he names Correctional Officer Shoaf as a defendant.  The court construes plaintiff's complaint against defendant Shoaf as a claim for excessive force, in violation of the Eighth Amendment.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . .

. contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id.  (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff states a cognizable claim for relief under Section 1983 as against defendant Shoaf for use of excessive force in violation of the Eighth Amendment.

5.   Plaintiff's Medical Care Claims

Plaintiff's medical care claims as against defendant Chief Medical Officer Tate fall under the purview of the Eighth Amendment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

6

1    civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

2    indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett

3    v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in

4    a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to

5    inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may

6    be manifested "when prison officials deny, delay or intentionally interfere with medical treatment,"

7    or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d

8    1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133,

9    1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment,

10   the delay must have led to further harm in order for the prisoner to make a claim of deliberate

11   indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.

12   of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

13          "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060

14   (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from

15   which the inference could be drawn that a substantial risk of serious harm exists,' but that person

16   'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official

17   should have been aware of the risk, but was not, then the official has not violated the Eighth

18   Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada,

19   290 F.3d 1175, 1188 (9th Cir. 2002)).

20          In the present case, plaintiff alleges that defendant Tate cancelled an Accommodation Chrono

21   issued by the Unit I medical staff based on a memo drafted by defendant Tyner, and that defendant

22   Tate later cancelled plaintiff's pain medication/treatment without first examining plaintiff.  A

23   difference of opinion between medical personnel regarding treatment does not amount to deliberate

24   indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Further, plaintiff has not

25   sufficiently alleged that defendant Tate "[knew] of and disregard[ed] an excessive risk to [plaintiff's]

26   health or safety." Farmer, 511 U.S. at 837.  Therefore, plaintiff fails to state a cognizable claim as

27   against defendant Tate.

28          Plaintiff's complaint also fails to state a claim for relief as against defendant Tyner.  Plaintiff

7

1   has not alleged any facts concerning defendant Tyner that rise to the level of a constitutional

2   violation.

3               6.      Due Process Clause

4          The Due Process Clause protects prisoners from being deprived of liberty without due

5   process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action

6   for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

7   which the protection is sought.  "States may under certain circumstances create liberty interests

8   which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

9   Liberty interests created by state law are generally limited to freedom from restraint which "imposes

10  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

11  Sandin, 515 U.S. at 484.

12         "[A prison] grievance procedure is a procedural right only, it does not confer any substantive

13  right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.

14  DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th

15  Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance

16  procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

17  confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence,

18  it does not give rise to a protected liberty interest requiring the procedural protections envisioned by

19  the Fourteenth Amendment."  Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F.

20  Supp. 315, 316 (E.D. Mo. 1986).  Actions in reviewing prisoner's administrative appeal cannot serve

21  as the basis for liability under a section 1983 action.  Buckley, 997 F.2d at 495.

22         Defendants Avila and Greene's involvement in plaintiff's appeals, alone, cannot give rise to

23  any claims for relief under section 1983 and plaintiff has not alleged any other facts that demonstrate

24  that these defendants violated his rights under federal law.  Accordingly, plaintiff fails to state any

25  claims upon which relief may be granted under section 1983.

26              7.      Plaintiff's State Law Claims

27         Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

28  jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

In addition to the relief sought under Section 1983, plaintiff raises assault, battery and negligence claims in his complaint. The court reserves discretion to exercise supplemental jurisdiction over and to address plaintiff's state law claims.

II.   Conclusion

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendant Shoaf for use of excessive force, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim under section 1983 against defendants Avila, Greene, Tyner, Tate or Sullivan. The court provided plaintiff with the opportunity to file a second amended complaint but plaintiff opted to proceed on the claims found to be cognizable by the court. Accordingly, it is HEREBY RECOMMENDED that:

1.   This action proceed only against defendant Shoaf on plaintiff's Eighth Amendment claims; and

2.   Defendants Avila, Greene, Tyner, Tate and Sullivan be dismissed from this action for plaintiff's failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

9

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

1153 (9th Cir. 1991).

      IT IS SO ORDERED.

      **Dated:**   <u>**June 16, 2008**</u>           <u>**/s/ Dennis L. Beck**</u>

                                        UNITED STATES MAGISTRATE JUDGE