# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WOODMAN,<br><br>        Plaintiff,<br><br>  v.<br><br>C. SHOAF, et. al.,<br><br>        Defendants.<br>_____/ | CASE NO.: 1:06-cv-00817-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 17) |

      Plaintiff John Woodman ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. On February 19, 2008, plaintiff filed a motion mandating the defendants to provide plaintiff with medical attention for his asthma, hepatitis C and chronic low back pain. (Doc. 17). Since the filing of plaintiff's motion, the court has screened plaintiff's amended complaint and has found that it states a cognizable claim for relief under federal law against defendant Shoaf. (Docs. 18, 20). The court has directed the United States Marshall to serve process. (Doc. 25). Defendant Shoaf has yet to make an appearance in this action.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

1  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
2  demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
3  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
4  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
5  Id.

6      Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
7  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
8  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
9  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
10 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
11 no power to hear the matter in question. Id. This action is proceeding on plaintiff's allegation of
12 use of excessive force by defendant Shoaf on May 20, 2005. Plaintiff's instant request for medical
13 treatment, particularly for his asthma and hepatitis C conditions, would not remedy his claim of
14 excessive force upon which this action proceeds, and the court therefore lacks the jurisdiction to
15 issue the order sought.

16     The court is sympathetic to plaintiff's plight. However, for the reasons explained above, the
17 Court must recommend that plaintiff's motion for preliminary injunctive relief, filed February 19,
18 2008, be DENIED.

19     This Finding and Recommendation will be submitted to the United States District Judge
20 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15)**
21 **days** after being served with this Finding and Recommendation, Plaintiff may file a written objection
22 with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and
23 Recommendation." Plaintiff is advised that failure to file objections within the specified time may
24 waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
25     IT IS SO ORDERED.

26     **Dated:   August 11, 2008**            **/s/ Dennis L. Beck**
                                                               UNITED STATES MAGISTRATE JUDGE