# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WOODMAN, | CASE NO.: 1:06-cv-00817-AWI-DLB PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | |
| C. SHOAF, et. al., | (Doc. 17) |
| Defendants. | |

Plaintiff John Woodman ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 11, 2008, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within fifteen days. Plaintiff did not file a timely Objection to the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. As explained by the Magistrate Judge, preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) (per curiam). To prevail on a motion for preliminary

1 injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. <u>Omega World Travel. Inc. v. Trans World Airlines</u>, 111 F.3d 14, 16 (4th Cir.1997); <u>Wilson v. Baker</u>, 2008 WL 2825275, *1 (E.D.Cal. 2008). <u>Williams v. Schwarzenegger</u>, 2008 WL 2557980, *1 (E.D.Cal. 2008); <u>Lebron v. Armstrong</u>, 289 F. Supp. 2d 56, 61 (D. Conn. 2003). "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." <u>Kaimowitz v. Orlando, Fla.</u>, 122 F.3d 41, 43 (11th Cir.1997) (citing <u>De Beers Consol. Mines v. U.S.</u>, 325 U.S. 212, 220 (1945)). As explained by the Eighth Circuit:

> It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. Thus, the district court correctly ruled as a matter of law that Devose was not entitled to a preliminary injunction.

<u>Devose</u>, 42 F.3d at 471. Here, Plaintiff's civil action for excessive force is different than the request for medical care at issue in the pending motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed August 11, 2008, is adopted in full; and
2. Plaintiff's motion for preliminary injunctive relief, filed February 19, 2008, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   September 9, 2008**             /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE