## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN WOODMAN, | ) | Case No. CV-06-817-BLW-LMB |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **AND ORDER** |
| v. | ) | |
| | ) | |
| CHUCK SHOAF, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Currently pending before the Court are the following motions:  Defendant's Motion to
Dismiss (Docket No. 32), Plaintiff's Motion to for Leave to File Supplemental Pleading (Docket
No. 34), and Defendant's Motion to Strike Plaintiff's Answer to Defendant's Motion to Dismiss.
Having fully reviewed the record, and otherwise being fully informed, the Court enters the
following Report and Recommendation and Order.

## I.  BACKGROUND

### A.     Factual Background

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, is pursuing a civil
rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that on May 20, 2005, he was
standing in a prison facility doorway speaking with a prison official when Defendant Shoaf
("Defendant") entered the room, told Plaintiff to "get out," and simultaneously slammed the
door.  Plaintiff alleges that before he could move, the door knob of the advancing door struck the
right side of his lower back, causing him injury.  Plaintiff alleges various state claims (assault,

**REPORT AND RECOMMENDATION AND ORDER - 1**

battery, and negligence), and a § 1983 complaint against Defendant for use of excessive force in violation of the Eighth Amendment. Plaintiff is seeking declaratory relief and money damages.

**B.      Procedural Posture**

Plaintiff filed this complaint against Defendants Chuck Shoaf, Deirde Greene, C. Tyner, Harold Tate, Prison Industry Authority, and California Department of Corrections and Rehabilitation on June 27, 2006. Plaintiff filed an Amended Complaint on August 16, 2007. On June 16, 2008, United States Magistrate Judge Dennis L. Beck Recommended that this action proceed only against Defendant Shoaf on plaintiff's Eighth Amendment claim and state law tort claims, thereby dismissing claims against all other Defendants for failure to state a claim upon which relief may be granted. *Findings and Recommendations* (Docket No. 20). On August 4, 2008, Chief District Judge Anthony W. Ishii adopted in full Judge Beck's recommendations. *Order* (Docket No. 28). Accordingly, Plaintiff's only remaining claims are an Eighth Amendment § 1983 claim and state law tort claims against Defendant Shoaf.

## II.  MOTION TO DISMISS

**A.      Standard of Law Governing Motions to Dismiss**

Defendant seeks dismissal of all of Plaintiff's remaining claims. A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)). In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party. *Id*. (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474

U.S. 1056 (1986)).

The federal courts view Rule 12(b)(6) motions with disfavor. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A court should dismiss a case without leave to amend only in "extraordinary" cases. *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981).

**B.      Discussion**

Defendant moves for a dismissal on two grounds. *Motion to Dismiss*, pp. 4–7 (Docket No. 32). First, Defendant asserts that this action is barred by California's two-year statute of limitations. Second, Defendant argues that, because the complaint appears to state only an official capacity claim, and he is not a person within the meaning of 42 U.S.C. § 1983, the cause of action is barred by sovereign immunity. *Id.*

**1.      Statute of Limitations**

"Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Under California law, "[a] cause of action accrues when the claim is complete with all of its elements." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008). Generally speaking, claim accrual occurs on the date of the plaintiff's injury. *Id.*

Title 42 U.S.C. §1983 contains no specific statute of limitations. As a result, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado*, 370 F.3d at 954; *Fink*, 192 F.3d at 914. California's statute of limitations for

personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1.  Therefore, a two-year statute

of limitations applies to this action.

Several tolling provisions apply to Plaintiff's federal claims.  First, the statute of

limitations for a federal civil rights claim is tolled while the inmate exhausts administrative

grievance procedures pursuant to the Prison Litigation Reform Act ("PLRA").  *Brown v. Valoff*,

422 F.3d 926, 943 (9th Cir. 2005).  Second, under California law, the statute is tolled for a period

of two years on civil rights claims when a person is imprisoned for a term less than life.  *See* Cal.

Civ. Proc. Code § 352.1.

There is no dispute that Plaintiff's alleged injury occured on May 20, 2005, and his

federal and state claims accrued on that date.  For a statute of limitations computation, the

"commencement" of an action in federal court occurs on the date of filing of the complaint.  *See*

Fed. R. Civ. P. 3; *S.J., a minor child by and through his parents, S.H.J. and J.J., v. Issaquah*

*School Dist. No. 411*, 470 F.3d 1288, 1292–93 (9th Cir. 2006).  Plaintiff's claims against

Defendant Shoaf were included in his original complaint filed on June 27, 2006.  Defendant's

suggestion that Plaintiff's claim was included only in the August 16, 2007, amended complaint is

an inaccurate characterization of the record.

Defendant fails to address tolling of the two-year statute of limitations during

administrative exhaustion.  However, Plaintiff appears to have exhausted his administrative

remedies on February 22, 2007.  *See Plaintiff's Objections* (Docket No. 14).  Thus, the statute of

limitations was tolled during that time period, resulting in the federal claims in the complaint

filed on June 27, 2006, to be timely filed.

In addition, if Plaintiff is imprisoned for a term less than life, he is also entitled to a

**REPORT AND RECOMMENDATION AND ORDER - 4**

tolling period of two years, allowing him to file his complaint on his federal civil rights claims as late as May 20, 2007. *Id*. Plaintiff asserts that he was sentenced to a six-year sentence and requests leave to submit supporting documentation. Defendant objects to Plaintiff's request.

Defendant argues that because Plaintiff, a lay person, stated that he wished to file a "supplemental" pleading to bring forward his sentence information, which is a technically incorrect way to present evidence, the Court should disregard a fact that provides for tolling.[1] *See Defendant's Reply*, p. 3(Docket No. 36); *Plaintiff's Response*, p. 6 (Docket No. 33).

The Court rejects Defendants argument. Defendant does not contest Plaintiff's assertion, only the means of supporting it. The Court also recognizes that this fact, contained in Plaintiff's record of conviction, is a matter of public record that is easily available to Defendant's counsel and Plaintiff. It is in the interest of justice to resolve issues on the merits, rather than on technicalities. This case is at the motion to dismiss stage, where liberal amendment and liberal construction of pro se pleadings are the rule and not the exception. Accordingly, the Court takes judicial notice of Plaintiff's testimony that he is being imprisoned for a term less than life.[2]

---

[1] Courts must liberally construe civil rights actions filed by pro se litigants, so as not to close the courthouse doors to those truly in need of relief. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Pro se plaintiffs should be given the opportunity to amend their complaints if they have stated a plausible cause of action. *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987) ("It is true that the prisoners' allegations are not sufficiently specific and do not allege that they personally have suffered cruel or inhuman punishment, but we cannot hold that it is 'beyond doubt' that they could not do so. Therefore, we reverse and remand for the district court to allow the prisoners to file an amendment"). A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "lacks merit entirely" and "cannot be saved" by amendment. *Id*., at 1129.

[2] Federal Rule of Evidence 201(b) permits courts to take judicial notice of adjudicative facts "not subject to reasonable dispute" because they are (1) generally known . . . or (2)

**REPORT AND RECOMMENDATION AND ORDER - 5**

Defendant may refute this notice by producing Plaintiff's official record of conviction to show

that Plaintiff is, in fact, serving a life sentence.

Regardless of Plaintiff's record of conviction, however, Defendant's nescient statue of

limitations argument fails. Because Plaintiff's amended complaint unarguably "asserts a claim . . .

that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the

original pleading," the amended complaint relates back to the timely filed pleading, on June 27,

2006. Fed. R. Civ. P. 15(c). Moreover, Plaintiff's amended complaint was filed "before being

served with a responsive pleading," and with leave of the Court, and was thus, made as a matter of

right. Put simply, both Plaintiff's complaint and amended complaint were timely and will not be

dismissed for going beyond the applicable statute of limitations.

2.      **Official Capacity Claims and Sovereign Immunity**

Defendant argues that Plaintiff may not maintain a civil rights suit for damages against

him in his official capacity because such claims implicate Eleventh Amendment immunity of the

State of California and a State is not a person under § 1983. *Motion to Dismiss*, p. 6 (Docket No.

32). In Plaintiff's Amended Complaint, he states that each defendant is sued "individually and

in his/her official capacity." *Amended Complaint*, p. 4 (Docket No. 16).

To properly state a § 1983 claim, a plaintiff "must allege the violation of a right secured

---

"capable of accurate and ready determination by resort to sources whose accuracy cannot be
reasonably questioned." Fed. R. Evid. 201(b). The Court can take judicial notice sua sponte.
*U.S. v. Cantu*, 12 F.3d 1506, 1509 n. 1 (9th Cir. 1993). An adjudicative fact is one that is at
issue in the particular case, where judicial notice of that fact will dispense with the need to
present other evidence to prove that fact. *Korematsu v. U.S.*, 584 F.Supp. 1406, 1414 (N.D. Cal.
1984). Because taking judicial notice of adjudicative facts dispenses with traditional methods of
proof, a court should take notice of only facts which are "beyond reasonable controversy." *U.S.
v. Jaimes*, 297 F.Supp. 2d 1254, 1256 (D. Haw. 2003).

**REPORT AND RECOMMENDATION AND ORDER - 6**

by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A state agency or entity cannot be sued in federal court because it is an arm of the state government and not a "person" within the meaning of the Civil Rights Act. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (holding that state agencies such as California Adult Authority and San Quentin Prison are not persons within meaning of Civil Rights Act); *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969) (holding that California Adult Authority and California Department of Corrections not persons within meaning § 1983).

The Eleventh Amendment bars private party suits that seek to impose liability which requires money be paid from states unless: (1) the State has waived its immunity or (2) Congress overrides the States' immunity pursuant to section 5 of the Fourteenth Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Congress enacted § 1983 pursuant to its section 5 powers, *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991), but it did not abrogate the States' sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 341 (1979). As such, "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002). Furthermore, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. "As such, it is no different from a suit against the State itself." *Id*. Consequently, State officials sued in their official capacities for money damages are not persons for purposes of § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Therefore, when a plaintiff is seeking damages against a state official, the Court construes the complaint as an individual capacity suit because an official

capacity suit for damages would be barred. *See Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 973 n.16 (9th Cir. 1994).

Here, it is undisputed that Defendant is a Prison Industry Authority ("PIA") Supervisor I at the California Correctional Institution. *Amended Complaint*, p. 3 (Docket No. 16). It is further undisputed that Defendant was acting in his role as PIA Supervisor when Plaintiff was allegedly injured. *Id.* Thus, it is undisputed that Defendant was acting in his role as a state official for purposes of § 1983. Plaintiff's claim for money damages against Defendant in his official capacity is therefore barred by the Eleventh Amendment. For § 1983 purposes, claims against Defendant are no different from claims against the State itself. This portion of the claim must be dismissed.

However, Plaintiff points to the fact that his Amended Complaint states that "each defendant is sued "individually" and in his/her official capacity." *Amended Complaint*, p. 4 (Docket No. 16). Because no claim for money damages exists as a result of sovereign immunity, the Court will liberally construe Plaintiff's complaint as one against Defendant Shoaf in his individual or personal capacity. *See Cerrato*, 26 F.3d at 973 n.16.

## C.     Conclusion

Plaintiff's federal civil rights claim against Defendant is not barred by the statute of limitations. Plaintiff's state law claims were also timely. Plaintiff's official capacity claims should be dismissed with prejudice. However, Plaintiff should be permitted to proceed on his individual or personal capacity claims.

Finally, the Court notes that Defendant Shoaf also asks that Plaintiff's sur-reply be stricken. Because Plaintiff is a layperson, the Court will not strike the sur-reply, but cautions

Plaintiff that in the future, a response (which may be accompanied by affidavits or documentary evidence) is the only document that should be filed in response to a motion, and that a reply to a reply (a sur-reply) should not be filed without requesting leave of court.

## III.  ORDER

According, it is HEREBY ORDERED that:

1.    Plaintiff's Motion for Leave to File Supplemental Pleading (Docket No. 34) is DENIED as MOOT;

2.    Defendant's Motion to Strike (Docket No. 39) is DENIED.

## IV.  RECOMMENDATION

For the foregoing reasons, this Court finds, and thus concludes, that the facts of this case demonstrate that  Plaintiff's official capacity claims are barred; but Plaintiff's personal capacity claims are not barred.

Accordingly, it is hereby RECOMMENDED that Defendant's Motion to Dismiss (Docket No. 32), be GRANTED in part as to the official capacity claims and be DENIED as to Plaintiff's personal capacity claims and Defendant's statute of limitations defense.

These findings and recommendations are submitted to United States District Judge B. Lynn Winmill, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.[3]  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

---

[3]  This time period is being extended to permit Plaintiff to submit his supplemental response to the Motion to Dismiss and to allow Defendant an objection if necessary.

**REPORT AND RECOMMENDATION AND ORDER - 9**

within the specified time may waive the right to appeal the District Court's Order. *Turner v.*

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).



DATED:  **April 22, 2009**.

_____
Honorable Larry M. Boyle
United States Magistrate Judge