**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN WOODMAN,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>CHUCK SHOAF  )<br>  )<br>  Defendant.  )<br>_____) | Case No. 1:06-CV-00817-BLW-LMB<br><br>**ORDER** |

Currently pending before the Court is Defendants' Motion to Compel. (Docket No. 47). Plaintiff has not responded to the motion, the time to do so has expired. Having fully reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## I. DISCUSSION

Defendant seeks to compel Plaintiff "to respond to defendant's interrogatories and first request for production of documents, and to provide a signed authorization for the release of his medical records and Central File." *Motion to Compel*, p. 1 (Docket No. 47-1). According to Defendant, "[t]o date, no responses to the interrogatories or request for production that defendant has propounded on plaintiff has been received." *Id*. at 4.

As a general rule "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Supreme Court of the United States has indicated that the definition of relevancy, for purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead

to other matter that could bear on, any issue that is or may be in the case . . . . Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues . . . . Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) (internal citations omitted).

It is in the discretion of the trial court to order a party to produce documents or answer interrogatories. The Ninth Circuit Court of Appeals "reviews a district court's rulings concerning discovery for an abuse of discretion." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469 (9th Cir. 1992); *Ah Moo v. A.G. Becker Paribus, Inc.* 857 F.2d 615, 619 (9th Cir. 1988). Additionally, because Plaintiff filed no opposition to the Motion, Pursuant to Local Rule 7-12, the failure to file a required paper may be deemed consent to the granting of a motion. Regardless, moving Defendants prevail on the merits.

Federal Rule of Civil Procedure 37 allows "[a] party, upon reasonable notice to other parties and all persons affected thereby, [to] apply for an order compelling disclosure or discovery . . . ." Fed. R. Civ. P. 37. The associated motion "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." *Id*. It is in the discretion of the trial court to order a party to produce documents or submit to depositions. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469 (9th Cir. 1992); *Ah Moo v. A.G. Becker Paribus, Inc.*, 857 F.2d 615, 619 (9th Cir. 1988).

Plaintiff has not responded to this motion. The discovery requested by Plaintiff is reasonable, and there is no justification for Plaintiff's lack of response. Further, Defendant has

conferred with Plaintiff in an effort to secure the disclosure without court action to no avail. Accordingly, the court finds, and thus concludes, that Defendant's motion to compel is warranted, and Plaintiff shall provide answers to the interrogatories and request for production, without objections by October 9, 2009. Failure to comply with this Order may result in sanctions against Plaintiff, including dismissal of his complaint. *See* Fed. R. Civ. P. 37(b).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Compel (Docket No. 47) is GRANTED. Plaintiff shall provide answers to the interrogatories and request for production, without objections by October 9, 2009.



DATED: **September 25, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge