## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WOODMAN, )<br>                Plaintiff, )<br>                      )<br>v.                       )<br>                      )<br>CHUCK SHOAF, )<br>                      )<br>                Defendant. )<br>_____) | Case No. 1:06-CV-00817-BLW-LMB<br><br>**ORDER** |

      Currently Pending before the Court are the following motions: (1) Plaintiff's Motion for Reproduction of Service (Docket No. 53); (2) Plaintiff's Motion in Support of Defendant's Request to Amend Scheduling Order (Docket No. 54); (3) Plaintiff's Motion for a 120-day Extension (Docket No. 55); (4) Plaintiff's Motion for Appointment of Counsel (Docket No. 56); (5) Plaintiff's Motion for a Continuance (Docket No. 61); and (6) Plaintiff's Second Motion for Appointment of Counsel (Docket No. 62). Additionally, Defendant has moved for dismissal (Docket Nos. 57 & 60), and for summary judgment (Docket Nos. 58 & 59). For ease of administration, Defendant's motions will be addressed in a separate report and recommendation.

      **A.**     **Motions to Appoint Counsel (Docket Nos. 56 & 62)**

      Plaintiff filed two motions for appointment of counsel citing an inability to proceed without assistance because of a diagnosis of "schizo-affective/bipolar disorder," and because of the complexity of the issues in his case. (Docket Nos. 56 & 62). Additionally, Plaintiff contends that he meets the applicable legal standard required for appointment of counsel under the

**ORDER - 1 -**

circumstances. *Id*. Previously, Plaintiff has unsuccessfully moved for appointment of counsel six times. (Docket Nos. 3, 10, 11, 22 & 35).

"There is no constitutional right to appointed counsel . . . ." *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Rather, appointment of counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986), 28 U.S.C. § 1915(d). That discretion, however, is limited: "counsel may be designated under section 1915(d) only under 'exceptional circumstances.'" *Id*. (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). Such a "finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. at 1331.

Here, despite Plaintiff's contention to the contrary, Plaintiff has not demonstrated an inability to articulate his claims in light of the complexity of the legal issues. Plaintiff's numerous motions and citations to case law in this case clearly demonstrate that Plaintiff is capable of competently presenting his arguments. Thus, even if Plaintiff was able to show a likelihood of success on the merits, because Plaintiff is able to articulate his claims pro se, it cannot be said that exceptional circumstances exist to appoint counsel under 28 U.S.C. § 1915(d). Accordingly, Plaintiff's motion for appointment of counsel is denied.

**B.     Motions to Amend Scheduling Order (Docket Nos. 54, 55 & 61)**

Plaintiff requests that the scheduling order be amended to allow him adequate time to conduct research, prepare and respond to Defendant's dispositive motions. Specifically, Plaintiff requests that discovery be extended until February 20, 2010. Plaintiff apparently also requests

an enlargement of time in which to respond to the motions. Defendant does not oppose the request and the time to do so has lapsed. Notably, however, on September 14, 2009, Defendant filed a "Request" to modify the scheduling order. (Docket No. 48).

Simply put, it appears that both parties would like to have the scheduling order modified as they seek to extend discovery in order to adequately prepare for the prosecution or defense of their case. Accordingly, Plaintiff's Motions and Defendant's request to amend the scheduling order are granted.

### C.     Motion for Reproduction of Service of Documents (Docket No. 53)

Plaintiff requests copies of "any/all documents, motions, Court orders, Discovery Schedules, etc. from May 5, 2009, to Present . . . ." (Docket No. 53). Plaintiff states that he has been unable to obtain some documents because of unreliable prison mail service. Defendant has not replied to Plaintiff's motion. Without objection, and good cause shown, Plaintiff's request for copies of documents is granted.

### ORDER

Accordingly, IT IS HEREBY ORDERED:

1.   Plaintiff's motions to appoint counsel (Docket Nos. 56 & 62) are DENIED;

2.   Plaintiff's motions to amend the scheduling order (Docket Nos. 54, 55 & 56) are GRANTED. The Scheduling Order (Docket No. 46) is AMENDED as follows:

   A.   Completion of Discovery: All discovery shall be completed on or before February 19, 2010.

   B.   Response to Defendant's Dispositive Motions: Plaintiff's Response to Defendant's Dispositive Motions are due on or before February 19, 2010;

Reply briefs, if any, shall be due by March 12, 2010.

3. Plaintiff's Motion for Reproduction of Documents (Docket No. 53) is GRANTED. The Clerk of the Court is directed to mail Plaintiff copies of the following documents:

    A. *Defendant's Answer* (Docket No. 45);

    B. *Order* (Docket No. 46);

    C. *Defendant's Motion to Compel* (Docket No. 47); and

    D. *Order* (Docket No. 50).



DATED: **January 5, 2010**.

_____
Honorable Larry M. Boyle
United States Magistrate Judge

**ORDER - 4 -**